UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ARIEL LUNA  B.O.P. # 84563-280 | : | DOCKET NO. 15-cv-1415 |
| VERSUS | : | JUDGE MINALDI |
| WARDEN CLAY ET AL. | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner, Ariel Luna ("Luna"). Luna is in the custody of the Federal Bureau of Prisons ("BOP"), and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

Luna seeks a federal writ of *habeas corpus* to challenge a prison disciplinary conviction that resulted in the loss of good-time credits and other sanctions. Doc. 1, pp. 1–4.

On July 15, 2014, an FCIO officer conducted a search of Luna's assigned area wherein a sharpened homemade weapon was found hidden between his bunk and locker. Doc. 6, att. 1, p. 2. Luna was charged with possession of a weapon. *Id.* at 1. He claims that the weapon was not his and that he had not seen it before the search. *Id.* at 4.

The charge was referred to the Disciplinary Hearing Officer ("DHO"). *Id.* On August 5, 2014, a hearing was held before the DHO who found that Luna did commit the prohibited act. *Id.* at 3. His sanctions included loss of 41 days of good time credit, three months of disciplinary segregation, and a fine of $250.00. *Id.*

In response to this court's memorandum order [doc. 5] instructing Luna to amend his petition to include needed information/documentation, he provided documentation showing that he appealed the DHO's findings at every level. *Id.* at 9–11. In support of his petition Luna contends that the incident report in question [doc. 6, att. 1, p. 4] is void as it was not properly signed by the Unit Disciplinary Committee ("UDC") Chairman. Doc. 1, att. 2, p. 4. Luna also alleges that the BOP officers violated his rights by not calling requested witnesses, overlooking exculpatory evidence, and conducting a one-hour investigation that resulted in the imposed sanctions. *Id.* at 3. He states that his witnesses would have testified that they did not see him with the weapon. *Id.* at 4. As relief he seeks restoration of his good time credit and reimbursement of the $250.00 in fines that he paid. Doc. 6, p. 2.

## II.
### LAW AND ANALYSIS

Luna seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). Here Luna claims that he was wrongfully deprived of good-time credits and other privileges.

### A. Miscellaneous Sanctions

In addition to the loss of good time credit, Santiago was sanctioned with three months in disciplinary segregation and a fine. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.

*Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.*; *compare Sandin v. Conner*, 115 S.Ct. 2293, 2301 (1995) (no liberty interest protecting against a 30 day period of disciplinary segregation) with *Wilkinson v. Austin*, 125 S.Ct. 2384, 2394–95 (2005) (indefinite disciplinary segregation was an atypical punishment implicating the Due Process Clause). Because the non-good time sanctions do not implicate a protected liberty interest, Luna cannot show that he is entitled to *habeas* relief from those forms of punishment.

### B. Loss of Good Time Credits

Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence/call witnesses; (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80. However, these requirements are flexible and must be balanced against legitimate penological interests. *Henson*, 213 F.3d at 898 (5th Cir. 2000).

Courts will not review a disciplinary hearing officer's factual findings *de novo*. Instead the courts will only consider whether the decision is supported by "a modicum of evidence." *Hill*, 105 S.Ct. at 2773–74. Accordingly, "[p]rison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–37.

In this case the DHO considered the following: (1) the incident report; (2) the investigation; (3) a photograph; and (4) Luna's statement that even though he had been quartered in the same area for three to four months he had no knowledge of the contraband recovered from his area. Doc. 6, att. 1, pp. 1–3. It is noted on the DHO report that Luna's requested witnesses were not called to testify as their testimony would not have been exculpatory. *Id.* at 2. Specifically, the report states:

> Even if inmates Rodiguez and Garza could give the requested testimony this does not prove that a weapon was not recovered from the inmate Luna's assigned area, it merely means inmates Rodiguez and Garza did not witness it. . . . If the evidence is based on a claim that is not a valid defense (i.e., witnessed nothing) it is not characterized as exculpatory. Only evidence that can undermine or contradict the charge is exculpatory.

*Id.* Based on a review of the above information, the DHO found Luna guilty of the charged offense. Given the wide range of information relied upon by the DHO, there is no question that the "some evidence" standard was met and there was no constitutional injury from the failure to call non-material witnesses.

Even if true, Luna's assertion that he was deprived due process because the UDC Chairman did not sign the incident report does not afford him any relief. "Prison disciplinary proceedings are

not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 94 S.Ct. at 2975. As previously stated, prison officials are only required to provide an inmate twenty-four hour advance notice of a disciplinary hearing, an opportunity to present a defense, and written reasons for the disciplinary action. *Id.* at 2978–80. Even if the officer had violated Bureau of Prison regulations, the United States Court of Appeals for the Fifth Circuit has repeatedly held that "[a] prison official's failure to follow prison procedural rules does not, without more, give rise to a constitutional violation." *Davis v. Lithicum*, 574 Fed. App'x 379, 380 (5th Cir. 2014). In this case it is evident from the petition and exhibits that Luna received all the process he was due.

### III.
#### CONCLUSION

Luna has failed to show that he is entitled to *habeas* relief. Accordingly,

**IT IS RECOMMENDED** that the application for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the

District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 25th day of April, 2016.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE